IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Pamela Walls, | : | |
| | : | Case No. 1:07-CV-674 |
| Plaintiff, | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING MOTION TO |
| United States of America, et al., | : | DISMISS |
| | : | |
| Defendants. | : | |

This matter comes before the Court on the Motion to Dismiss of the United States of America (doc. 6) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The United States moves for dismissal on the basis that the Court lacks jurisdiction because Plaintiff Pamela Walls has not exhausted her federal administrative remedies. For the reasons that follow, the Motion is **GRANTED**.

I.     PROCEDURAL HISTORY

Walls filed this action against Defendants West End Health Center, Inc. ("West End") and Debbie Ruffin, DDS, LLC in the Hamilton County, Ohio Court of Common Pleas on June 14, 2007. (Doc. 3.)  Walls asserts three causes of action in her Complaint: (1) negligence against Dr. Ruffin, (2) negligence against West End, and (3) lack of informed consent against both defendants.

Dr. Ruffin filed her Answer in state court on July 16, 2007. (Doc. 4.)  West End then removed this case to this District Court on August 15, 2007. (Doc. 2.)  The Court substituted the United States as a defendant for West End on August 27, 2007.

The United States now has filed the instant dismissal motion. Significantly, Walls has

not opposed this motion.

**II.     STANDARD FOR DISMISSAL PURSUANT TO RULE 12(B)(1)**

Rule 12(b)(1) authorizes a dismissal of a complaint where the Court lacks jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).  The plaintiff has the burden of establishing the Court's jurisdiction when such a dismissal motion is filed under Rule 12(b)(1).  See Rogers v. Stratton Industs., Inc., 798 F.2d 913, 915 (6th Cir. 1986).  The Court has the authority to resolve factual disputes on a Rule 12(b)(1) motion without converting the motion to a motion for summary judgment.  Id.

**III.    ANALYSIS**

Walls has the burden of proof for this dismissal motion based on lack of subject matter jurisdiction.  Id.  She has not met this burden because she failed to timely file a memorandum opposing the motion.  Nonetheless, the Court briefly will analyze the jurisdictional issue.

Walls has asserted a medical malpractice case against the United States sounding in tort.  Specifically, Walls asserts that Dr. Ruffin, an employee or agent of West End, committed malpractice during an oral surgery.  (Doc. 3.)  The Court has accepted the unopposed Certification of the United States Attorney that West End is deemed to be an "employee of the Public Health Service pursuant to 42 U.S.C. §233(a)" and that West End was "acting within the scope of its federal employment at the time of the incidents alleged in the complaint." (Docs. 1, 5.)

Section 2675(a) of the Federal Torts Claims Act requires that an "action for . . . money damages for . . .  personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"

must be administratively exhausted before a lawsuit can be filed. 28 U.S.C. § 2675(a). The administrative exhaustion requirement of § 2675(a) is jurisdictional. <u>Roberts v. United States</u>, 191 F. App'x 338, 344 (6th Cir. 2006); <u>Singleton v. United States</u>, 277 F.3d 864, 872-73 (6th Cir. 2002); <u>Schaefer v. Hills</u>, 416 F. Supp. 428, 429 (S.D. Ohio 1976). Suits that are filed without complying with the exhaustion requirement are subject to dismissal. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Singleton</u>, 277 F.3d at 873.

In support of the dismissal motion, the United States has filed the affidavit of Richard Bergeron, a Senior Attorney with the Department of Health and Human Services. (Doc. 6-2.) Bergerson avers that he has searched the relevant records and that Walls has not filed an administrative claim with regards to her medical treatment at West End. (<u>Id.</u>) Walls has not offered any evidence to refute that assertion. Accordingly, the Court finds that Walls has not complied with the administrative exhaustion requirement of § 2675(a). The claims against the United States are dismissed without prejudice. Further, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over the remaining state law claims against Dr. Ruffin.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss (doc. 6) is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

                                                s/Susan J. Dlott
                                                Susan J. Dlott
                                                United States District Judge